UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CREATIVE PLAYTHINGS FRANCHISING, CORP., CREATIVE PLAYTHINGS, LTD., and CP LICENSING CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES A. REISER, JR.,<br><br>Defendant.<br><br>JAMES A. REISER, JR.,<br><br>Plaintiff-in-Counterclaim,<br><br>v.<br><br>CREATIVE PLAYTHINGS FRANCHISING, CORP.,<br><br>Defendant-in-Counterclaim. | Civil Action No. 09-cv-11456 |

**CREATIVE PLAYTHINGS FRANCHISING, CORP.'S AND CREATIVE PLAYTHINGS, LTD.'S MOTION FOR SUMMARY JUDGMENT**
<u>**COUNTS I, II, X, AND XI OF THE COMPLAINT**</u>

Plaintiff Creative Playthings Franchising, Corp. ("CP Franchising") and Creative Playthings, Ltd. ("CP Ltd.") submit this memorandum of law in support of their motion for summary judgment against James A. Reiser, Jr. ("Mr. Reiser") on their respective contract-based claims of the Complaint. CP Franchising and CP Ltd. incorporate by reference their Local Rule 56.1 Statement of Undisputed Facts ("SOF"), and the appendix of exhibits and deposition testimony submitted therewith.

In further support of its motion, CP Franchising states that it moves for summary judgment on its contract-based claims based upon Mr. Reiser's own testimony that was in default of the Franchise Agreement for failure to pay royalties and failure to make payment on certain invoices for product that he received.

In or about the Spring 2004, Mr. Reiser received and reviewed a Uniform Franchised Offering Circular ("UFOC") from CP Franchising. [SOF, ¶ 1.] On or about May 21, 2004, Mr. Reiser received a completed original of the Franchise Agreement. [SOF, ¶ 2.] With his lawyer's advice, Mr. Reiser negotiated specific terms of the Franchise Agreement before Mr. Reiser signed it. [SOF, ¶ 3.] After consulting with his attorney and other advisors, and having negotiated certain changes to the Franchise Agreement, on August 20, 2004, Mr. Reiser signed the Franchise Agreement with CP Franchising. [SOF, ¶ 3.]

Section 2.01 of the Franchise Agreement identified the "Trademark Usage Fee" (or royalty) as 4% of gross receipts of the franchised business. [SOF, ¶ 4.] Mr. Reiser has admitted at deposition that he was, in fact, charged a 4% trademark usage fee (or royalty). [SOF, ¶ 5.] Mr. Reiser testified that he was in default of the Franchise Agreement for failure to pay royalties since the end of 2007. [SOF, ¶ 6.]

In July and August 2009, CP Ltd. provided Mr. Reiser with five (5) separate invoices for product orders totaling approximately $16,465.75, not including interest. [SOF, ¶ 7.] Mr. Reiser also testified that he failed to make payments on certain invoices for product that he received, in an amount that he estimated to be $15,000. [SOF, ¶ 8.]

## Argument

I. <u>Standard of Review</u>

It is well settled that summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed R.

Civ. P. 56(c); see also Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 24 (1st Cir. 1989). A factual dispute is "material" if it "affects the outcome of the litigation," and "genuine" if manifested by "substantial" evidence "going beyond the allegations of the complaint." Astra Pharma. Prods., Inc. v. Beckman Instrum., Inc., 718 F.2d 1201, 1204 (1st Cir. 1983); Pegnons S.A. de Mecanique, Inc. v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981); Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975). The facts in genuine dispute must be significantly probative in order for summary judgment to be denied; "conclusory allegations, improbable inferences, and unsupported speculation will not suffice." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

The First Circuit has made clear that the "core purpose" of the summary judgment process is to "pierce the boilerplate of the pleadings" and to "evaluate the proof to determine whether trial will serve any useful purpose." Int'l Ass'n of Mach. & Aerospace Workers, AFL-CIO v. Winship Green Nursing Center, 103 F.3d 196, 205 (1st Cir. 1996); see also Wynne v. Tufts Univ. Sch. Of Med., 976 F.2d 791, 794 (1st Cir. 1992). "[W]here trial is not likely to develop helpful additional evidence ... summary judgment is appropriate." ITT Corp. v. XTRA Corp., 225 U.S.P.Q. 723, 727 (D. Mass 1985).

Summary judgment is appropriate here because Mr. Reiser admits that he was in default of his obligations under the Franchise Agreement.

II. Summary judgment is proper on the contract-based claims of CP Franchising (Counts I & II) and CP Ltd. (Count X and XI).

Mr. Reiser materially breached the Franchise Agreement and the Covenant of Good Faith and Fair Dealing by refusing to pay royalties and make payments on certain invoices for product that he received. "A material breach of an agreement occurs when there is a breach of 'an essential and inducing feature of the contract[]." Teregram Corp. v. Marketwatch.com, Inc., 444 F.3d 1, 11 (1st Cir. 2006) *quoting* Lease-it, Inc. v. Mass. Port Authority, 33 Mass. App Ct. 391,

396 (1992). And the purpose of the implied covenant of good faith and fair dealing "is to ensure that neither party interferes with the ability of the other to enjoy the fruits of the contract." Chokel v. Genzyme Corp., 449 Mass. 272, 276 (2007) (internal citation omitted).

Here, it is undisputed that Mr. Reiser breached the franchise agreement and failed to make payments on certain invoices for product that he received from CP Ltd. After consulting with his attorney and other advisors, and having negotiated certain changes to the Franchise Agreement, on August 20, 2004, Mr. Reiser signed the Franchise Agreement with CP Franchising. [SOF, ¶ 3.] According to the Franchise Agreement, Mr. Reiser agreed to pay Trademark Usage Fees (or royalty) in the amount of 4% of gross receipts of the franchised business. [SOF, ¶ 4.] Mr. Reiser admitted at deposition that he was, in fact, charged a 4% trademark usage fee (or royalty). [SOF, ¶ 5.] Mr. Reiser testified, however, that he was in default of the Franchise Agreement for failure to pay royalties since the end of 2007. [SOF, ¶ 6.] Consequently, Mr. Reiser's failure to pay royalties is a material breach of the Franchise Agreement.

Similarly, in July and August 2009, CP Ltd. provided Mr. Reiser with five (5) separate invoices for product orders totaling approximately $16,465.75, not including interest. [SOF, ¶ 7.] Mr. Reiser's sole obligation under the invoice agreement was to pay the cost of the product shipped. Mr. Reiser, however, failed to make any payments on those invoices. Indeed, Mr. Reiser admitted in his deposition that he failed to make payments on certain invoices for product that he received, in an amount that he estimated to be $15,000. [SOF, ¶ 8.] Mr. Reiser's refusal to pay the invoices is in material breach "going to the root" of the agreement. See Lease-It, 33 Mass. App. Ct. at 396 *quoting* Aerostatic Engr. Corp. v. Szczanwinski, 1 Mass. App. Ct. 141,

145 (1973). Accordingly, is proper on CP Franchising's contract-based claims (Counts I & II) and CP Ltd.'s contract-based claims (Counts X & XI).

## Conclusion

**WHEREFORE,** for the reasons cited above, CP Franchising and CP Ltd. respectfully requests that this Court grant their Motion for Summary Judgment and rule in favor of CP Franchising on Counts I and II of the Complaint and in favor of CP Ltd. on Counts X and XI of the Complaint. CP Franchising and CP Ltd. also request that this Court grant such other relief as it deems just and proper.

Respectfully submitted,

**Creative Playthings Franchising, Corp. and Creative Playthings, Ltd.**

By its counsel,

DATED:   January 14, 2011

/s/ *Colin M. Black*
Jason W. Morgan (BBO #633802)
Colin M. Black (BBO #638122)
**DROHAN TOCCHIO & MORGAN, P.C.**
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel: (781) 749-7200

## CERTIFICATE OF SERVICE

I, Colin M. Black, hereby certify that on January 14, 2011, I served a true and correct copy of the foregoing by ECF e-file notification to all counsel of record.

/s/ *Colin M. Black*
Colin M. Black